

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,697-01

### EX PARTE MARSHA RENEE HOWELL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. B18532-1 IN THE 198TH DISTRICT COURT
### FROM KERR COUNTY

*Per curiam*.

## O R D E R

Applicant pleaded guilty to failure to appear and was sentenced to four years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that she is being denied due process in the parole revocation process. Applicant alleges that while out on parole she was arrested for a new charge, a parole revocation warrant was issued and executed, but she has not been given a final revocation hearing even though the new charge was resolved on December 17, 2021.

Applicant has alleged facts that, if true, might entitle her to relief. *Morrissey v. Brewer*, 408 U.S 471, 488 (1972). Accordingly, the record should be developed. The trial court is the appropriate

forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. The affidavit shall state whether Applicant has been given a final parole revocation hearing, if so, the date and result of that hearing, and if not, the reasons for the delay in holding such a hearing.

In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent her at the hearing. See TEX. CODE CRIM. PROC. art. 26.04.

The trial court has made findings of fact and conclusions of law recommending that this Court grant relief. The trial court may make any supplemental findings and conclusions that it deems appropriate in response to Applicant's claims after receiving the response from the Texas Department of Criminal Justice.

The trial court shall make any supplemental findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. See TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: May 18, 2022
Do not publish